UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARTURO BARRIENTOS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>ICE FIELD OFFICE DIRECTOR,<br><br>　　　　Respondent. | NO.  C15-982-RSL-JPD<br><br><br>REPORT AND<br>RECOMMENDATION |

INTRODUCTION

Petitioner Arturo Barrientos, a detainee at the Northwest Detention Center in Tacoma, Washington, has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2241, challenging his detention without bond by U.S. Immigration and Customs Enforcement ("ICE") and seeking release on supervision or a bond hearing. *See* Dkt. 7.  Respondent has moved to dismiss, arguing that petitioner is not entitled to release and has already had a bond hearing where the Immigration Judge ("IJ") found that the government met its burden of proving he is a danger to the community and a flight risk. *See* Dkt. 10.  Petitioner filed a response and a motion to appoint counsel, which respondent opposes.  Dkts. 13, 14, 16.  Having considered the parties' submissions, the balance of the record, and the governing law, the Court concludes that respondent's motion to dismiss should be GRANTED, petitioner's habeas petition should be

REPORT AND RECOMMENDATION - 1

DENIED, and this action should be DISMISSED with prejudice. In addition, the Court DENIES petitioner's motion to appoint counsel.

## BACKGROUND

Petitioner, a native and citizen of El Salvador, entered the United States in March 2007 at an unknown location and without inspection. Dkt. 11-2 at 3. On May 13, 2014, an IJ denied petitioner's petitions for asylum, withholding of removal, and relief under the Convention Against Torture, and granted petitioner's request for voluntary departure. *See id.* at 3-21. The Board of Immigration Appeals dismissed petitioner's appeal and notified petitioner that if he filed a petition for review with the Ninth Circuit, the grant of voluntary departure would be automatically terminated and the alternate order of removal would immediately take effect. *Id.* at 27-45.

Petitioner appealed to the Ninth Circuit, which stayed his removal pending review. *Barrientos v. Lynch*, No. 14-73178, Dkt. 7 (9th Cir. Jan. 14, 2015). To date, petitioner's petition for review remains pending and the stay of removal is in effect.

On March 24, 2015, petitioner had a bond hearing before an IJ pursuant to *Casas-Castrillon v. Department of Homeland Security*, 535 F.3d 942 (9th Cir. 2008). Dkt. 11-3 at 2-25. The IJ found that the government sustained its burden of showing by clear and convincing evidence that petitioner was a danger to the community and a flight risk. Dkt. 11-3 at 17. Accordingly, the IJ denied bond. *Id.* at 17, 20.

## DISCUSSION

A.  Merits of petitioner's habeas petition

Petitioner brings this action pursuant to 28 U.S.C. § 2241, which authorizes the district court to grant a writ a habeas corpus whenever an individual is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The district

REPORT AND RECOMMENDATION - 2

1 court's habeas jurisdiction includes review of "*Casas* bond hearing determinations for

2 constitutional claims and legal error." *Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011).

Because the Ninth Circuit has stayed petitioner's removal proceedings pending its review of the administrative removal order, the statutory authority for petitioner's detention is 8 U.S.C. § 1226(a).[1]  *See Casas-Castrillon*, 535 F.3d at 948; *Prieto-Romero v. Clark*, 534 F.3d 1053, 1059, 1062 (9th Cir. 2011) ("Because Prieto-Romero filed a petition for review and our court entered a stay, his detention is governed by § 1226(a) . . . ."). Section 1226(a) provides the Attorney General with discretionary authority to detain petitioner or release him on bond or conditional parole pending the completion of removal proceedings.  8 U.S.C. § 1226(a).  In making a bond decision under § 1226(a), an IJ "must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006) (citing *Matter of Patel*, 15 I&N Dec. 666 (BIA 1976)).  An IJ may also consider any number of discretionary factors, including:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee persecution or otherwise escape authorities, and (9) the alien's manner of entry to the United States.

*Id.*

---

[1] If the Ninth Circuit rejects petitioner's petition for review, the statutory basis for petitioner's detention will shift to 8 U.S.C. § 1231.  *See Casas-Castrillon*, 535 F.3d at 947; *Prieto-Romero*, 534 F.3d at 1062 ("[O]nly if we enter a final order denying [Prieto-Romero's] petition for review will the statutory source of the Attorney General's detention authority shift from § 1226(a) to § 1231(a).").

REPORT AND RECOMMENDATION - 3

1    Aliens, like petitioner, who face prolonged detention while their petitions for review are
2    pending before the Ninth Circuit are entitled to a *Casas* bond hearing to establish whether their
3    release would present a danger to the community or a flight risk.  *Casas-Castrillon*, 535 F.3d at
4    951; *Prieto-Romero*, 534 F.3d at 1065-66; *Singh*, 638 F.3d at 1203; *see also Diouf v. Mukasey*,
5    634 F.3d 1081, 1085-86 (9th Cir. 2011).  The Ninth Circuit has established the following
6    procedural requirements for *Casas* hearings:  (1) the government must provide
7    contemporaneous records of the hearing; (2) the IJ must place the burden of proof on the
8    government; (3) the government must prove by clear and convincing evidence that the
9    continued detention is justified; and (4) the alien's criminal history alone may be insufficient to
10   meet the dangerousness standard that must be met to deny bond and justify detention, but the
11   government need not establish "special dangerousness" to justify denial of a bond.  *Singh*, 638
12   F.3d at 1203-09.

13   Here, the record establishes that petitioner's *Casas* hearing was legally sufficient, and
14   therefore his continued detention—although lengthy—does not violate statutory or
15   constitutional law.  First, the audio recording of petitioner's March 2015 *Casas* hearing
16   establishes that the IJ properly placed the burden on the government to establish by clear and
17   convincing evidence that petitioner was a danger to the community or a flight risk.  Dkt. 11-3
18   at 7 ("I do find it's the Department's burden to show by clear and convincing evidence the
19   Respondent is a flight risk or a danger.  And these proceedings are being recorded.").

20   Second, the evidence presented during the hearing was sufficient to satisfy the clear and
21   convincing evidence standard.  The government presented evidence that petitioner has a
22   criminal history, which included a citation for disorderly conduct in 2009, a conviction for
23   failing to carry a license in 2012, and an arrest in 2013 for an incident that involved driving
24   under the influence of alcohol, a hit and run, and sexual abuse of a 17 year old female.  *Id.* at 8-

REPORT AND RECOMMENDATION - 4

9; *see also* Dkt. 11-1 at 2, 13.  Although petitioner had not been convicted of the 2013 incident, he admitted that he fled the scene of the car accident and that the female involved was a minor. Dkt. 11-3 at 11.  The government also argued that petitioner was a flight risk because although he has a child who is a United States citizen, he is subject to a final order of removal and fled the scene of an accident.  *Id.* at 10.  The IJ ultimately found that "the Department met its burden by clear and convincing evidence" to show that petitioner is a danger and a flight risk. *Id.* at 17.

Petitioner argues the IJ's finding is erroneous because the 2013 charges against him have been dismissed.  Dkt. 13.  The order petitioner submits as proof relates to a civil matter in which petitioner is the plaintiff, not the 2013 criminal matter.  *See* Dkt. 13 at 3.  Moreover, even if the 2013 charges have been dismissed, petitioner fails to establish that his *Casas* bond hearing was constitutionally deficient.  Indeed, the IJ also found that petitioner's continued detention was justified because he admittedly fled the scene of an accident and therefore was a flight risk.  The Court finds no constitutional claim or legal error.

In sum, although bond was denied, petitioner's procedural due process rights were satisfied because he received the individualized hearing required by § 1226(a), and the government satisfied its burden of proving by clear and convincing evidence that petitioner was a danger to the community and a flight risk.  Accordingly, petitioner's habeas petition should be denied.

B.   <u>Petitioner's motion to appoint counsel</u>

Petitioner asks the Court to appoint counsel to represent him in this matter.  Dkt. 14. There is no right to have counsel appointed in § 2241 cases unless an evidentiary hearing is required.  *See Terravona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988); *Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir. 1992).  Where an evidentiary hearing is not required, the Court

REPORT AND RECOMMENDATION - 5

may appoint counsel for a financially eligible petitioner where the "interests of justice so require." 18 U.S.C. § 3006A.

Petitioner argues that appointment of counsel in this case is appropriate because his detention is indefinite within the meaning of *Zadvydas v. Davis*, 533 U.S. 678 (2001), he is unable to present his case given the complexity of the issues, and there is a high likelihood that he will succeed on the merits. Dkt. 14. Petitioner is incorrect on all accounts. Because the Ninth Circuit has not yet ruled on petitioner's petition for review, his removal order is not final, and *Zadvydas* is inapplicable. Moreover, there is no likelihood that he will succeed on the merits, as discussed above, and the issues in this case are not particularly complex. Thus, the interests of justice do not require the appointment of counsel. Finally, an evidentiary hearing is not required, and therefore, petitioner has no right to have counsel appointed. For these reasons, the Court denies petitioner's motion to appoint counsel.

## CONCLUSION

For the foregoing reasons, the Court recommends that respondent's motion to dismiss, Dkt. 10, be GRANTED; petitioner's habeas petition, Dkt. 7, be DENIED; and this case be DISMISSED with prejudice. In addition, the Court DENIES petitioner's motion to appoint counsel, Dkt. 14. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **October 19, 2015**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 23, 2015.**

REPORT AND RECOMMENDATION - 6

1   This Report and Recommendation is not an appealable order. Thus, a notice of appeal
2  seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the
3  assigned District Judge acts on this Report and Recommendation.
4   DATED this 28th day of September, 2015.

*James P. Donohue*

JAMES P. DONOHUE
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 7